UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 3:19-cr-00070-01 |
| | * | |
| | * | |
| VERSUS | * | 18 U.S.C. § 922(g)(1) |
| | * | |
| | * | JUDGE DOUGHTY |
| DERRICK CURRY | * | MAGISTRATE JUDGE HAYES |

**UNITED STATES's LIST OF FORESEEABLE ISSUES**
**TRIAL DATE: July 1, 2019**

NOW INTO COURT, through the United States Attorney and undersigned Assistant United States Attorney, comes the United States of America, which respectfully provides this list of foreseeable issues:

1.

The Court issued a plea deadline of June 5, 2019. As of the date of this filing, the Defendant, **DERRICK CURRY**, (hereinafter "the Defendant" or "**CURRY**"), has not accepted the plea offer previously made by the Government. The Government requests that before commencement of the trial, the Court confirm with the Defendant that he is aware of the previously communicated plea offer and he has chosen to decline it. *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012).

2.

The Government anticipates that it will take approximately two days to present its case-in-chief.

3.

The Government will provide to the defense *Giglio* and Jencks Act materials, if any, including grand jury transcripts of government case-in-chief witnesses no later than the Friday before trial. The Government will also provide the defense a copy of its exhibits in advance of trial in accordance with this Court's Pretrial Scheduling Order.

4.

The Government and the Defendant are discussing joint stipulations concerning the Defendant's prior felony conviction. The Government will notify the Court if any stipulations are agreed upon for presentation to the jury. If no stipulation is reached regarding **CURRY's** prior felony conviction, the Government intends to offer for admission in evidence in its case-in-chief the Defendant's certified prior conviction for Armed Robbery. Specifically, following a trial by jury, **CURRY** was found guilty of robbing a Johnny's Pizza restaurant while armed with a dangerous weapon in violation of La. R.S. 14:64 and was subsequently sentenced to 60 years hard labor in Richland Parish on or about May 9, 1990. The sentence was subsequently vacated and **CURRY** was re-sentenced to 35 years hard labor. *State v. Curry*, 593 So. 2d 860 (La. App. 2d Cir. 01/22/92).

5.

Currently pending before the United States Supreme Court is the case of *Rehaif v. United States*, No. 17-9560. The Court granted certiorari in January 2019 to consider whether the "knowingly" provision of 18 U.S.C. § 924(a)(2) requires a

person of restricted status to have known about that status at the time he possessed a firearm or ammunition in violation of 18 U.S.C. § 922(g). Although the petitioner in *Rehaif* was an unlawfully present alien who possessed a firearm and ammunition in violation of Section 922(g)(5)(A), it is nevertheless possible that a decision by the Supreme Court could apply equally to all 18 U.S.C. § 922(g) categories, including felons under 18 U.S.C. § 922(g)(1). The *Rehaif* case was argued on April 23, 2019, and the Government anticipates a ruling by the end of the Court's term in late June 2019. Therefore, if no stipulation is agreed to be the Defendant and the ruling in *Rehaif* affects 18 U.S.C. § 922(g) cases, the Government will introduce at the trial of this matter testimony and evidence establishing that **CURRY** knew his status as a prohibited person at the time he possessed the firearm and ammunition on or about July 12, 2018.

6.

The Government has filed notices of its intent to introduce expert testimony in two areas: (1) regarding the origins of the firearm and ammunition; and (2) the fingerprint analysis comparing the fingerprints associated with the prior felony conviction with the fingerprints associated with the current indicted felony. The Government has provided to Defendant the available reports and curricula vitae for the expert witness who will testify to the nexus for the firearm. The Government has similarly provided to Defendant the curricula vitae for the expert witness who will perform the fingerprint comparison to establish that Defendant has a prior qualifying felony conviction.

7.

The Government has provided and/or made available to the defense Fed. R. Crim. Proc. 16 discovery. The Government is not aware of any discovery issues. To date, the Government has not received discovery from Defendant. Through this filing, the Government re-urges its prior request for reciprocal discovery under Fed. R. Crim. Proc. 16(b).

8.

The Government intends to file a Motion *in Limine* seeking to exclude any arguments concerning the validity of the traffic stop. *See e.g.*, Fed.R.Crim.P. 12(b)(3)(C); *United States v. Mena*, 248 F.3d 1138, 2001 WL 85818 *2 (5th Cir. 2001)("[t]he failure to make such a motion constitutes waiver…"); *United States v. Rodriguez*, 8 F.3d 21 (5th Cir. 1993) ("a motion to suppress *must* be raised prior to trial").

9.

The Government also intends to file a Motion *in Limine* seeking to exclude any argument or jury instruction in support of jury nullification. *See United States v. Thompson*, 253 F.3d 700 (5th Cir. 2001) (wherein the Fifth Circuit recognized that "jury nullification is not a right belonging to the defendant" and courts "have almost uniformly held that a criminal defendant is not entitled to a [jury nullification] instruction").

10.

Forfeiture as alleged in the Superseding Indictment should be bifurcated for trial purposes. *See* Fed. R. Crim. Proc. 32.2(b)(5). The Government will provide a

redacted copy of the Superseding Indictment for use by the Court and jury. If convicted, the Defendant may choose to have the forfeiture tried by the jury or by the Court. If **CURRY** is found guilty of the sole count in the Superseding Indictment, the Government will not request that the jury be retained to determine the forfeitability of property or assets as authorized by Federal Rule of Criminal Procedure 32.2(b)(5)(A).

11.

The Government will immediately apprise the Court if other issues arise prior to trial.

        Respectfully submitted,

        DAVID C. JOSEPH
        UNITED STATES ATTORNEY

BY:   */s/ Jessica D. Cassidy*
        JESSICA D. CASSIDY, LA Bar No. 34477
        CYTHERIA D. JERNIGAN, MA Bar No. 657960
        Assistant United States Attorneys
        300 Fannin Street, Suite 3201
        Shreveport, Louisiana 71101
        (318) 676-3600
        (318) 676-3663 (fax)