UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.  3-19-cr-00070-01 |
| VERSUS | JUDGE DOUGHTY |
| DERRICK  CURRY | MAGISTRATE JUDGE HAYES |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE***

The Government filed a *Motion in Limine* seeking "to preclude the Defendant from arguing that bicycle traffic offenses should not be criminalized."  The Government listed the following reasons as to why this type of argument is impermissible: 1) it is irrelevant under Federal Rules of Evidence 401; 2) it creates a substantial risk of confusion of the issues; and 3) such an argument is an appeal to jurors to ignore their duties and decide the Defendant should not be punished regardless of guilt (i.e., jury nullification).

Mr. Curry submits the following response to the Government's *Motion in Limine*. Most importantly, Mr. Curry does not intend to argue that bicycle traffic offenses should not be criminalized. However, undersigned counsel does intend to highlight the facts and the fair inferences that may be drawn from the facts, and in spite of the Government's best efforts, it cannot preclude those arguments by claiming they are irrelevant, too confusing, or otherwise impermissible.

**A. Argument about the facts of the arrest is relevant evidence under Fed. R. Evid. 401.**

Relevant evidence is any evidence having a tendency to make the existence of a material fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. The facts

leading to the arrest of Mr. Curry are indisputably material and consequently relevant. Undersigned counsel may present arguments about said facts.

**B. Argument about the facts of the arrest does not create a risk of unfair prejudice or confusion.**

It is well established that the jury's duty in any criminal case is to be the finder of fact. In order to render a fair verdict, it is necessary for the jurors to hear the facts from both the Government and the Defendant. It is Mr. Curry's right to present his version of the facts to the jury so it may decide where the truth lies. This right is a fundamental element of due process of law. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). It would be unfairly prejudicial to preclude Mr. Curry from presenting his version of the facts of the arrest. It would be confusing for the jury not to hear both sides. It will not be confusing for the jury to discern where the truth lies. It seems the Government has a low estimation of the jury's ability to render a verdict based upon the law as applied to the facts and as instructed by the judge without confusion or distraction.

**C. Argument about inferences drawn from the facts does not invite jury nullification.**

Certainly, Mr. Curry is neither arguing nor suggesting that jury nullification is a right belonging to the defendant. If Mr. Curry wanted to argue that law enforcement should not have stopped him, undersigned counsel is fully aware that a motion to suppress is the proper vehicle to make that argument. Counsel did not file a motion to suppress and therefore will not argue the illegality of the traffic stop during the trial.

That said, undersigned counsel is permitted to draw inferences from the facts and argue those inferences to the jury. In this case, it would be perfectly appropriate for undersigned counsel to argue, for example, that "Mr. Curry was riding his bike and '*minding his own business*' when the police decided to pull him over." The jury may draw any fair inference from the facts presented.

The Government's attempts to dictate undersigned counsel's arguments and restrict undersigned counsel's vocabulary throughout the trial is patently risible.

For the aforesaid reasons, Mr. Curry objects to the Government's *Motion in Limine.*

Respectfully submitted,

REBECCA L. HUDSMITH
Federal Public Defender for the Western
and  Middle Districts of Louisiana

s/ *Betty L. Marak*
_____
Betty L. Marak, LSBA No. 18640
Assistant Federal Public Defender
300 Fannin Street, Suite 2199
Shreveport, Louisiana 711101
(318) 676-3310  Fax (318) 676-3313
betty_marak@fd.org