UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 19-0070-01** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **DERRICK CURRY** | : | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Pending before the Court is a Motion in Limine to Preclude Argument in Support of Jury Nullification [Doc. No. 34] filed by the United States of America ("the Government") on June 7, 2019. Defendant Derrick Curry ("Curry") filed a memorandum in opposition to the motion [Doc. No. 45] on June 21, 2019.

**I.    Pertinent Alleged Facts**

Shortly after midnight on or about July 12, 2018, Ouachita Parish Sheriff's Office deputies allegedly observed Curry bicycling eastbound in the westbound lane of traffic. They also allege that Curry did not have an operating rear reflector. When deputies attempted a traffic stop, Curry allegedly jumped off his bike and fled on foot. During the pursuit, deputies allegedly observed Curry pulling an object from his waistband and throwing it into the air. Deputies took Curry into custody shortly thereafter. They later recovered and identified the item allegedly thrown by Curry as a Taurus 9mm handgun.

Curry is charged, by Superseding Indictment, with Possession of a Firearm by a Convicted Felon based on his prior felony conviction for armed robbery.

Trial is set for July 1, 2019.[1]

**II.    Law and Analysis**

The Government anticipates that Curry may argue at trial that "bicycling on the wrong side of the street and/or without a rear reflector should not rise to the level of criminal wrongdoing." [Doc. No. 34, p. 2]. The Government further speculates the Curry may make arguments such as, "no one was hurt by this," that he was "minding his own business," or "the traffic stop was simply an excuse to harass" him. *Id.* The Government moves to exclude this type of argument as irrelevant under Federal Rule of Evidence 401, as creating a substantial risk of confusion of the issues, and jury nullification.

Curry responds that he does not intend to argue that bicycle traffic offenses should not be criminalized. Nor does Curry intend to challenge the validity of the stop. However, Curry contends that he has the right to discuss the facts surrounding his arrest "and the fair inferences that may be drawn from the facts." [Doc. No. 45, p. 1].

Under Federal Rule of Evidence 402, "[a]ll relevant evidence is admissible . . . ." Federal Rule of Evidence 401 then defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Implicit in that definition are two distinct requirements: (1) the evidence must tend to prove the matter sought to be proved; and (2) the matter sought to be proved must be one that is of consequence to the determination of the action." *United States v. Waldrip*, 981 F.2d 799, 806 (5th Cir. 1993) (citation omitted).

---

[1] On June 24, 2019, Curry filed a Motion to Dismiss Superseding Indictment. [Doc. No. 48]. However, given the quickly approaching trial date, the Court issues this order, so that counsel may be prepared if trial proceeds on July 1, 2019.

However, Federal Rule of Evidence 403 limits the use of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." All "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

Finally, "[t]he right of a jury to acquit for whatever reasons even though the evidence supports a conviction is an important part of the jury trial system." *United States v.* Leach, 632 F.2d 1337, 1341 n.12 (5th Cir. 1980). However, the Fifth Circuit Court of Appeals has "categorically reject[ed] the idea that . . . jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent [it]." *United States v. Thompson*, No. 99-41007, 2001 WL 498430, at *16 (5th Cir. Apr.9, 2001) (unpublished) (citing *United States v. Thompson*, 116 F.3d 606, 614 (2d Cir.1997)).

In this case, Curry plainly states that he does not intend to offer the argument that bicycle traffic offenses should not be criminalized, nor does he intend to argue that the deputies should not have stopped him. On the other hand, he does intend to offer evidence about his version of the facts leading up to the arrest and could argue, for example, that he "was riding his bike and 'minding his own business.'" [Doc. No. 45, p. 2].

The Court agrees. Curry has the right to present evidence and testimony on the facts leading up to his arrest, and the jury has the right to draw reasonable inferences. Such evidence is relevant and does not result in a confusion of the issues. Given the assurances of Curry's counsel, the Court finds that the evidence Curry intends to offer does not rise to the level of an attempt to

coerce the jury to render a verdict based on evidence outside the facts and applicable law. Accordingly,

IT IS ORDERED that the Government's Motion in Limine to Preclude Argument in Support of Jury Nullification is DENIED.

MONROE, LOUISIANA, this 25th day of June, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE