1                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
2                          MONROE DIVISION

3

UNITED STATES OF AMERICA,        :   DOCKET NO. 3:19CR00070
4
                        PLAINTIFF,   :
5
VERSUS                           :   March 4, 2020
6
                                 :
7   DERRICK CURRY,

                                 :
8                        DEFENDANT.     Monroe, Louisiana
   _____
9
             REPORTER'S OFFICIAL TRANSCRIPT OF GUILTY PLEA AND
10                        SENTENCING HEARING
              BEFORE THE HONORABLE TERRY A. DOUGHTY
11                 UNITED STATES DISTRICT JUDGE

12

13
   APPEARANCES:
14
   FOR THE PLAINTIFF:  MS. JESSICA DIANE CASSIDY
15                     ASSISTANT UNITED STATES ATTORNEY
                       300 Fannin Street, Suite 3201
16                     Shreveport, Louisiana

17

18
   FOR THE DEFENDANT:  MS. BETTY L. MARAK
19                     ASSISTANT FEDERAL DEFENDER
                       300 Fannin Street, Suite 2199
20                     Shreveport, Louisiana

21

22
                      DEBBIE LOWERY, RPR, CCR
23               Federal official Court Reporter
                 201 Jackson Street, Suite 312
24                 Monroe, Louisiana 71201

25   Proceedings recorded by mechanical stenography, transcript
   produced by computer-aided transcription.

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2               THE COURT:  All right.  Good afternoon, again.
 3   You may be seated, please.  Excuse me.  We're going to go ahead
 4   and do a couple more.
 5        The first matter is going to be United States of America
 6   versus Derrick Curry, number 3:19-70.  Let me just -- thank you.
 7   Let me put on the record for this matter, feel free to say, who is
 8   representing the U.S.A. in this matter?  Ms. Cassidy, I should
 9   have guessed.
10               MS. CASSIDY:  Yes, Your Honor.
11               THE COURT:  All right.  I knew that already.  I
12   forgot.  All right.
13        And Ms. Marak is representing Mr. Curry?
14               MS. MARAK:  That is correct, Your Honor.
15               THE COURT:  Okay.  I'm just going to put on the
16   record that Mr. Curry had previously pled guilty right before a
17   jury trial.  I really -- I can't remember the exact date right
18   this second.
19               MS. MARAK:  August 7th.
20               THE COURT:  August 7th?
21               MS. MARAK:  Yes.
22               THE COURT:  Okay.  And we took it in the jury
23   -- with the witness room right across the hall from here because
24   the petty jury was in the -- in the room, and we only have one
25   courtroom.
```

1          But Mr. Curry raised a point that we want to clear up

2     regarding whether that was a public -- would be a public -- that

3     he has a right to a public trial or sentencing or plea.  And I

4     don't want to take any chances and want to clear it up.

5          We've -- I believe we've resolved this today.  Is that

6     correct, Mr. Curry?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Okay.  All right.  So what we're

9     going to do just for the record is take the plea again.  And then

10    we already had the presentence.  And I'm going to sentence him in

11    accordance to what I told Ms. Marak and Ms. Cassidy in chambers.

12         Okay.  All right.  Ms. Cassidy, is the government ready to

13    proceed?

14                   MS. CASSIDY:  Yes, Your Honor.

15                   THE COURT:  Are Ms. Marak and Mr. Curry ready

16    to proceed?

17                   MS. MARAK:  Yes, we are, Your Honor.

18                   THE COURT:  And how does Mr. Curry intend to

19    plead?

20                   MS. MARAK:  Your Honor, he is going to enter a

21    plea of guilty to Count 1 of the superseding indictment.

22                   THE COURT:  Okay.  Are there any filings?

23    Well, Ms. Cassidy, they've already been filed; but I believe we

24    probably should refer to them.  That's the Rule 11 package?

25                   MS. CASSIDY:  Yes.

```
1                      THE COURT:  Has the Rule 11 package been filed
2    in this matter?
3                      MS. CASSIDY:  Yes, Your Honor, on August 7th.
4                      THE COURT:  Okay.  Does it contain the Written
5    Factual Basis?
6                      MS. MARAK:  Yes, Your Honor.
7                      THE COURT:  Okay.  Any objection to the
8    filings, Ms. Marak?
9                      MS. MARAK:  Just the superseding indictment.
10                     LAW CLERK:  Second.
11                     MS. MARAK:  Oh, yeah.
12                     COURT CLERK:  The second superseding
13   indictment.
14                     THE COURT:  Okay.  The super superseding
15   indictment.
16        All right.  And are there any objections to the Rule 11
17   package that's been filed?
18                     MS. MARAK:  No objections, Your Honor.
19                     THE COURT:  Okay.  Mr. Curry, before accepting
20   your plea, there are some questions I'm going to go over with you
21   and ask you -- see if you're entering a valid plea.  If you don't
22   understand anything, stop me and I'll try to clear it up.  Okay?
23   And feel free to talk to your attorney at any time.  Okay?
24                     THE DEFENDANT:  Yes, sir.
25                     THE COURT:  All right.  Madam clerk, would you
```

1  please swear in Mr. Curry.

2              COURT CLERK:  Raise your right hand.

3  (Defendant sworn)

4              THE COURT:  Okay.  Mr. Curry, do you understand

5  that having been sworn, your answers to my questions will be

6  subject to the penalties of perjury or making a false statement if

7  you don't answer truthfully?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Okay.  How old are you?

10             THE DEFENDANT:  50.

11             THE COURT:  And how far did you go in school?

12             THE DEFENDANT:  GED.

13             THE COURT:  Okay.  So you can read and write?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Okay.  And have -- excuse me.  Have

16  you taken any drugs, medicine, pills of any kind, or drunk any

17  alcohol -- alcoholic beverages in the past 24 hours?

18             THE DEFENDANT:  No, sir.

19             THE COURT:  Have you ever been treated for any

20  mental illness or addiction to narcotic drugs?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  You said no or yes?

23             THE DEFENDANT:  No, sir.

24             THE COURT:  Okay.  Do you understand what's

25  going on today?

1                        THE DEFENDANT:  Yes, sir.

2                        THE COURT:  And what are you pleading to today?

3                        THE DEFENDANT:  Felon in possession of a

4    firearm.

5                        THE COURT:  Okay.  And, Ms. Marak, do you have

6    any doubt that Mr. Curry is competent to plead at this time?

7                        MS. MARAK:  I have no doubt about his

8    competency.

9                        THE COURT:  Okay.  All right.  I find that

10   Mr. Curry is competent to plead in this matter.

11        And, Mr. Curry, have you had enough time to discuss the

12   case with your attorney, Ms. Marak?

13                        THE DEFENDANT:  Yes.

14                        THE COURT:  And are you satisfied with her

15   representation of you?

16                        THE DEFENDANT:  Yes.

17                        THE COURT:  Okay.  Do you understand that under

18   the Constitution and laws of the United States, you're entitled to

19   a trial by jury on the charge contained in the indictment -- super

20   -- the second superseding indictment?  Do you understand that?

21                        THE DEFENDANT:  Yes, sir.

22                        THE COURT:  And do you understand that in order

23   to convict you, all 12 of the jurors would have to agree?

24                        THE DEFENDANT:  Yes, sir.

25                        THE COURT:  Do you also understand that at that

1  trial, you would be presumed innocent, and the government would

2  have to overcome that presumption and prove you guilty by

3  competent evidence beyond a reasonable doubt, and you would not

4  have to prove you were innocent?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Do you also understand that in the

7  course of the trial, the witnesses for the government would have

8  to come to court and testify if your presence; and your counsel

9  could confront and cross examine the witnesses for the government,

10  object to evidence offered by the government and offer evidence on

11  your behalf?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Do you also understand that at that

14  trial, while you would have the right to testify, if you chose to

15  do so, you would also have the right not to be compelled to

16  incriminate yourself and the right not to testify?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  Do you understand that at trial you

19  would have the right to summons or call witnesses on your own

20  behalf?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  If I accept your guilty plea, do

23  you understand that you will waive your right to a trial and the

24  other rights I've just discussed?

25              THE DEFENDANT:  Yes, sir.

```
 1                    THE COURT:  And do you understand there won't
 2  be a trial, and I'll simply enter a judgment of guilty and
 3  sentence you on the basis of your plea?
 4                    THE DEFENDANT:  Yes, sir.
 5                    THE COURT:  In pleading guilty, do you
 6  understand that you will also have to waive your right not to
 7  incriminate yourself since I'll ask you questions about what you
 8  did to satisfy myself you're guilty as charged, and you'll have to
 9  admit or acknowledge your guilt?
10                    THE DEFENDANT:  Yes, sir.
11                    THE COURT:  Are you willing to waive and give
12  up your right to a trial and the other rights I've discussed?
13                    THE DEFENDANT:  Yes, sir.
14                    THE COURT:  Have you received and read the
15  second superseding indictment against you?
16                    THE DEFENDANT:  Yes, sir.
17                    THE COURT:  Okay.  And have you discussed with
18  Ms. Marak the charges in the second superseding indictment to
19  which you intend to plead guilty?
20                    THE DEFENDANT:  Yes, sir.
21                    THE COURT:  You've been charged in Count 1 of
22  the second superseding indictment with a violation of Title 18,
23  United States Code, Section 922(g)(1).  That statute makes it a
24  crime for a convicted felon to knowingly possess a firearm or
25  ammunition.
```

1    For you to be found guilty of this crime, the government
2 has to prove each of the following beyond a reasonable doubt:
3    First, that the defendant knowingly possessed the firearm
4 and ammunition as charged.
5    Second, that at the time of the charged offense, the
6 defendant had been previously convicted in a court of a crime
7 punishable by imprisonment for a term in excess of one year.
8    Third, that before the defendant possessed the firearm and
9 ammunition, the defendant knew he had been convicted in a court of
10 a crime punishable by imprisonment for a term in excess of one
11 year.  And;
12    Fourth, that the firearm and ammunition possessed traveled
13 in interstate commerce, that is, before the defendant possessed
14 the firearm and ammunition, they had traveled at some time from
15 one state to another.
16    Do you understand the charge in Count 1?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  And you explain to me in your own
19 words what you're charged with.
20              THE DEFENDANT:  For having a firearm as a
21 convicted felon.
22              THE COURT:  Okay.  That's right.  Do you know
23 the maximum sentence you could receive?
24              THE DEFENDANT:  Ten years.
25              THE COURT:  That's right.  The maximum possible

1    penalty on Count 1 is a term of imprisonment of ten years and a

2    maximum fine of $250,000 or both.

3         Do you understand that?

4                   THE DEFENDANT:  Yes, sir.

5                   THE COURT:  Do you also understand you'll be

6    required to pay a special assessment of $100 at the time of the

7    plea by means of a cashier's check, bank official check or money

8    order payable to Clerk, United States District Court?

9         Do you understand that?

10                  THE DEFENDANT:  Yes, sir.

11                  THE COURT:  On Count 1, you may receive a term

12   of supervised release of not less than one year, but not more than

13   three years, in addition to any term of imprisonment imposed by

14   the Court.

15        Do you understand that?

16                  THE DEFENDANT:  Yes, sir.

17                  THE COURT:  Do you also understand that while

18   on supervised release, you'd be required to abide by conditions

19   specified by the Court; and that supervised release might be

20   revoked if you violate any of those conditions?

21                  THE DEFENDANT:  Yes, sir.

22                  THE COURT:  If supervised release is revoked

23   for any reason, you may be imprisoned for the full term of

24   supervised release without credit for time spent on post-release

25   supervision; and the combined time spent in prison under a

1  sentence of imprisonment and subsequent revocation of the
2  supervised release may exceed the statutory maximum.
3       Do you understand that?
4                 THE DEFENDANT:  Yes, sir.
5                 THE COURT:  Do you also understand that the
6  offense to which you're pleading guilty is a felony offense; and
7  if your plea is accepted, you'll be adjudged guilty of that
8  offense; and that such adjudication may deprive you of the right
9  to hold public office, the right to serve on a jury and the right
10 to possess any kind of a firearm?
11      Do you understand that?
12                THE DEFENDANT:  Yes, sir.
13                THE COURT:  Okay.  Do you understand that as
14 part of the Plea Agreement, you've agreed to forfeit to the United
15 States and abandon all right, title and interest in a Taurus
16 pistol, Model: PT-92-AF, 9 mm caliber pistol, and all ammunition
17 seized by local, state or federal authorities?
18      Do you understand that?
19                THE DEFENDANT:  Yes, sir.
20                THE COURT:  Do you understand that you're
21 waiving the right to a jury trial on the forfeiture of assets, and
22 that you are specifically agreeing to the entry of a order of
23 forfeiture of these assets?
24                THE DEFENDANT:  Yes, sir.
25                THE COURT:  Do you understand that you're

1    acknowledging and agreeing that forfeiture of the above-described

2    assets is authorized and proper under the provisions of 21 U.S.C.,

3    Section 853 and Rule 32.2(a) of the Federal Rules of Criminal

4    Procedure; and that in the event that forfeiture is not authorized

5    pursuant to those provisions, you acknowledge that surrender and

6    transfer of these assets as a condition of your Plea Agreement?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Okay.  Do you understand that

9    you're waiving any constitutional or statutory challenge in any

10   manner, including direct appeal, habeas corpus or any other means

11   to any forfeiture carried out in accordance with your Plea

12   Agreement on any grounds, including that the forfeiture

13   constitutes an excessive fine or punishment under the 8th

14   Amendment to the United States Constitution?

15                   THE DEFENDANT:  That I'm waiving the what?

16                   THE COURT:  Only the forfeiture, only talking

17   the forfeiture, that you're not waiving your right on anything

18   else for habeas corpus and all that.  That's something you could

19   file if you have a ground for it.

20                   THE DEFENDANT:  All right.

21                   THE COURT:  But what I'm talking about here is

22   only as to the forfeiture.

23                   THE DEFENDANT:  Yes, sir.

24                   THE COURT:  Okay.  Has anyone threatened you or

25   tricked you to plead guilty or told you if you don't plead guilty,

1    further charges will be brought against you or other adverse

2    action will be taken?

3                    THE DEFENDANT:  No, sir.

4                    THE COURT:  Okay.  Do you understand plea

5    agreements are permissible and -- but we have a duty to disclose

6    the Plea Agreement?  Do you understand that?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Ms. Cassidy, what is the Plea

9    Agreement?

10                    MS. CASSIDY:  Your Honor, the government

11   offered the defendant to plead guilty to the one count in the

12   second superseding indictment with an agreement that the

13   government would not prosecute the defendant for any other crimes

14   known at that time.

15                    THE COURT:  Okay.  Thank you.

16        Is that correct, Ms. Marak?

17                    MS. MARAK:  That's correct, Your Honor.

18                    THE COURT:  Mr. Curry, is that your

19   understanding of the Plea Agreement?

20                    THE DEFENDANT:  Yes.

21                    THE COURT:  Okay.

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  Okay.  Has anybody made any promise

24   to you other than what's -- what was contained in the Plea

25   Agreement?

1              THE DEFENDANT:  Has anybody made a promise?

2              THE COURT:  Yeah, anybody promise you anything

3    other than what's in the Plea Agreement?

4              THE DEFENDANT:  No.

5              THE COURT:  Okay.  Has anybody made any

6    prediction, prophecy or promise as to what your sentence will be?

7    Well, and let me just tell you this, I -- we already have a

8    presentence report because you actually pled guilty a while ago.

9    I have that presentence report back, and I told -- I have told

10   Ms. Marak and Ms. Cassidy what I'm going to give you.

11        So other than that, has anybody else told you what you

12   might -- what your sentence might be?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  Okay.  Under the Sentencing Reform

15   Act of 1984, as modified by *United States versus Booker,* the

16   United States Sentencing Commission has issued guidelines for

17   judges to follow in determining a criminal case.

18        While those guidelines are advisory, I must give them

19   reasoned consideration, along with factors set forth in 18 U.S.C.,

20   Section 3553(a).

21        Have you and Ms. Marak talked about how the guidelines

22   might apply in your case, sentencing guidelines?

23             THE DEFENDANT:  Yes.  Yes.

24             THE COURT:  Okay.  And you understand that,

25   under certain circumstances, you or the government may have the

1    right to appeal any sentence I impose?

2                        THE DEFENDANT:  Yes, sir.

3                        THE COURT:  And do you also understand that

4    parole has been abolished; and if you're sentenced to prison, you

5    will not be released on parole?

6                        THE DEFENDANT:  Yes, sir.

7                        THE COURT:  And if the sentence is more severe

8    than you expected, you'll still be bound by your plea and you have

9    no right to withdraw it.  Do you understand that?

10                       THE DEFENDANT:  Yes, sir.

11                       THE COURT:  Okay.  All right.  As charged in

12   Count 1 of the indictment, did you knowing -- Count 1 of the

13   second superseding indictment, did you knowingly possess a firearm

14   after you knew or had been convicted of a felony -- Let me start

15   over.

16        As charged in Count 1 of the second superseding indictment,

17   did you knowingly possess a firearm after you knew you had been

18   convicted of a felony offense for which you served a term of

19   imprisonment in excess of one year?

20                       THE DEFENDANT:  Yes.

21                       THE COURT:  Okay.  Ms. Cassidy, and there's a

22   written factual basis has been filed.  Is that correct.

23                       MS. CASSIDY:  Yes, Your Honor.

24                       THE COURT:  Ms. Marak, do you have any changes

25   or objections to that factual basis?

1                    MS. MARAK:  No, Your Honor.

2                    THE COURT:  Mr. Curry, have you received and

3    read that factual basis?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  And have you been able to go over

6    it with Ms. Marak?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Do you have any questions about it

9    or any disagreement with it, the factual basis?

10                   THE DEFENDANT:  No.

11                   THE COURT:  Okay.  I find the written factual

12   basis contains all of the essential elements of the offense to

13   which you're pleading guilty.

14        Since you acknowledge you're in fact guilty as charged in

15   Count 1 of the second superseding indictment, since you know your

16   right to a trial, what the maximum possible punishment is, and

17   since you're voluntarily pleading guilty, I'll accept your guilty

18   plea and enter a judgment of guilty on your plea.

19        It's the finding of this Court in the case of *United States*

20   *of America versus Derrick Curry,* that Mr. Curry is fully competent

21   and capable of entering an informed plea, that Mr. Curry's plea of

22   guilty is a knowing and voluntary plea, supported by an

23   independent basis in fact containing each of the essential

24   elements of offenses.  Mr. Curry's plea is, therefore, accepted;

25   and he's now adjudged guilty of this offense.

```
1          And since we already have the presentence report -- this is
2    kind of a unique situation because we had the plea earlier,
3    ordered a presentence and actually had it back.  And we took --
4    just for the record's purposes, we did take the -- I mentioned we
5    took the plea again.  And we do have the presentence report.
6          So is there any objection to me going ahead and sentencing
7    Mr. Curry at this time?
8                      MS. MARAK:  No objection, Your Honor.
9                      MS. CASSIDY:  No, Your Honor.
10                      THE COURT:  Okay.  Mr. Curry, do you have any
11   objection?
12                      THE DEFENDANT:  No.
13                      THE COURT:  Okay.
14                      THE DEFENDANT:  No.  No.
15                            SENTENCING
16                      THE COURT:  All right.  This matter is now
17   before the Court for sentencing.  And, Ms. Marak, are the
18   defendant and defense counsel ready to proceed?
19                      MS. MARAK:  We are, Your Honor.
20                      THE COURT:  Ms. Cassidy, is the U.S. Attorney
21   ready to proceed?
22                      MS. CASSIDY:  Yes, Your Honor.
23                      THE COURT:  And I assume that, Ms. Marak, have
24   the defendant and defense counsel received and reviewed a copy of
25   the presentence report?
```

1                    MS. MARAK:  Yes, we have.

2                    THE COURT:  And, Ms. Cassidy, have you received

3    a copy of the presentence report?

4                    MS. CASSIDY:  Yes, Your Honor.

5                    THE COURT:  And are there -- there are some

6    objections.  Is there any objections you wish to proceed with in

7    this matter?

8                    MS. MARAK:  Your Honor, I believe the

9    objections have been resolved.  I objected to the grounds for the

10   upward departure based upon Mr. Curry's criminal history, which

11   was relying upon convictions or charges that had been dismissed.

12   And so I objected to those.  We have resolved those, I believe

13   with --

14                   THE COURT:  And I am going to give a guideline

15   sentence in this matter.

16                   MS. MARAK:  That's right.  So we resolved those

17   issues.  There are currently no objections that need to be

18   addressed.

19                   THE COURT:  Okay.  Thank you.

20        Any objections you have, Ms. Cassidy?

21                   MS. CASSIDY:  No, Your Honor.

22                   THE COURT:  Okay.  All right.  Based on the

23   -- that, all the objections are denied as moot because they're

24   being waived at this time, I assume, or denied.

25        Does defense counsel or defendant have anything they'd like

1  to say?

2              MS. MARAK:  No, Your Honor, not in addition to

3  anything that's not contained in our presentence memorandum.

4              THE COURT:  Okay.  Again, I've read -- reviewed

5  your presentence report -- I mean, your presentence --

6  presentencing memorandum.

7              MS. MARAK:  Yes.

8              THE COURT:  Does the government have anything

9  they'd like to say, Ms. Cassidy?

10             MS. CASSIDY:  No, Your Honor.  But I would just

11  like to make sure the record is clear on the defendant's right to

12  allocution.

13             MS. MARAK:  I think we're getting to that.

14             THE COURT:  Okay.  And I asked if the defendant

15  or defense counsel -- but I'm going to go ahead and just say it

16  specifically.  I think it's a good idea.

17        Mr. Curry, do you have anything you would like to say for

18  the purpose of this sentencing in mitigation, or anything at all

19  you'd like to say with regard to that?

20             THE DEFENDANT:  I would just like to add a few

21  -- a few things in accordance with my --

22             COURT REPORTER:  I'm sorry?

23             THE DEFENDANT:  I would just like to add a few

24  things.

25             COURT CLERK:  Come to the mic.

```
 1                    THE DEFENDANT:  I would just like to add a few
 2   things.  I was convicted in Rayville in 1989 -- 1999.  I was
 3   sentenced 35 -- 60 years.  Then they dropped it to 35 years.  I
 4   served 17 years and ten months in Angola.  I got out in 2007.
 5   I'll been on parole ever since.
 6        I haven't got no other conviction since then.  When I was
 7   in Angola, I hadn't -- didn't get no rehabilitative program, so I
 8   was let out of Angola with no type of skills, none of that.
 9                    THE COURT:  All right.
10                    THE DEFENDANT:  I got arrested for just armed
11   robbery -- I mean, a second degree murder charge in 2013.  I stood
12   incarcerated in 2013 to 2018, no conviction.  My parole was -- was
13   violated, and I was forced to do time.  I even wrote a writ of
14   habeas corpus to you while you was in Rayville.  And you brought
15   the matter -- you said you don't see why no reason why I was in
16   Rayville and you were going to send me -- give me back the --
17        I also filed an injunction against the -- preliminary
18   injunction against the -- the state to show you that I was being
19   incarcerated for no reason whatsoever.
20        Since I've been out -- since I've been out, I've been
21   employed.  I work security.  I've been working security since
22   2007.  I work at security -- security -- I work as a bouncer.  I
23   was also in college.  So I was not there committing no crime or
24   out there smoking no -- doing drugs or alcoholic or anything.  I
25   was out there trying to rehabilitate -- do things for myself.
```

1                    THE COURT:  Okay.  Anything else?

2                    THE DEFENDANT:  That's it.

3                    THE COURT:  And I will say that I've reviewed,

4    you know, the -- your presentence.  I'll go through that.  But the

5    charge -- I can't do anything about the time you served on your

6    charges in -- in Monroe, Ouachita Parish, on the charges you had

7    that were ultimately dismissed.  I can't do anything about that.

8    But I'm not considering any of those charges against you since

9    they were all dismissed.  That's why I'm giving you a guideline

10   sentence.  Okay?

11        And does the government have anything else you'd like to

12   say at all, Ms. Cassidy?

13                   MS. CASSIDY:  No, Your Honor.

14                   THE COURT:  Okay.  All right.  I'm going to

15   find that the guideline applications are as follows:

16        The offense level is 20.  The Criminal History Category is

17   III and the guideline ranges are 41 to 51 months incarceration,

18   probation is not authorized, one to three years of supervised

19   release, restitution is not applicable, and a fine of between

20   15,000 and $150,000 and a $100 assessment.  And the reasons for

21   these guideline determinations are set forth in the presentence

22   report.

23        Having reviewed and considered the guidelines, the factors

24   listed in 18 U.S.C., Section 3553(a), and the appropriate policy

25   concerns, I'm going to impose my sentence.

1          In this case, I find the guideline range reasonably
2   addresses the real conduct of the defendant that underlies his
3   crime, achieves the goals of Section 3553(a) and provides an
4   appropriate sentence.
5          It's the judgment of this Court that the defendant, Derrick
6   Curry, is hereby committed to the Bureau of Prisons for a term of
7   51 months of incarceration.   This guideline sentence is -- was
8   selected after considering the factors in 18 U.S.C., Section
9   3553(a) and considering the defendant's criminal history, personal
10  characteristics and involvement in the instant offense.   That
11  offense will run concurrently with any other sentence previously
12  imposed.
13         Upon release from imprisonment, defendant shall be placed
14  on supervised release for a period of -- okay.  All right.  I'll
15  run it concurrent with any sentence that's been previously imposed
16  or -- or is to be imposed, or would be imposed.
17         And upon release from imprisonment, defendant shall be
18  placed on supervised release for a period of three years.   Within
19  72 hours of his release from custody, defendant shall report to
20  the U.S. Probation Office in the district to which he is released.
21         While on supervised release, the defendant shall not commit
22  another federal, state or local crime; shall not possess a firearm
23  or other dangerous weapon and shall comply with the standard
24  conditions of supervision adopted by this Court.
25         Defendant shall cooperate in the collection of DNA as

1    directed by the U.S. Probation Office.  Defendant shall pay a

2    special assessment of $100 to the Crime Victim Fund immediately.

3    Based on the defendant's financial condition, I find that he does

4    not have the ability to pay a fine, and I will -- so I will not

5    order a fine in this case.

6         And I wish to advise you, you have the right to appeal your

7    sentence and/or conviction in this matter.  If you're unable to

8    afford the services of an attorney to handle your appeal, counsel

9    will be appointed to you.

10        Do you understand that, Mr. Curry?

11                    THE DEFENDANT:  Yes, sir.

12                    THE COURT:  And do you also understand if you

13   can't afford it, a transcript of the record in this case will be

14   prepared for appeal at the government's expense?

15        Do you understand that?

16                    THE DEFENDANT:  Yes, sir.

17                    THE COURT:  And, then, lastly that, pursuant to

18   the Rules of Appellate Procedure, you normally have 14 days from

19   the date that judgment in this case is filed to file your Notice

20   Of Appeal?

21        Do you understand that?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  Okay.  If you do appeal, the

24   presentence report and anything submitted on your behalf will be

25   placed in the record of this proceeding under seal.  And the

1    defendant is to meet with the U.S. Marshal's Office to begin

2    service of sentence at this time.  Thank you.  Anything else?

3                     MS. MARAK:  Yes, Your Honor.  Specifically, so

4    the judgment is clear, this sentence is to run concurrent with the

5    sentence that may be imposed on Mr. Curry's parole violation,

6    which is in docket number 51-301 in Rayville, Louisiana; and it's

7    referenced in paragraph 29 of the presentence report.

8                     THE COURT:  All right.  Yeah.  Thanks for

9    making that clear.  That is correct.

10                    MS. MARAK:  So if we could put that in the

11   judgment --

12                    THE COURT:  Yeah, that is correct.  Thank you.

13                    MS. MARAK:  -- that will help the Bureau of

14   Prisons.

15                    THE COURT:  Okay.  All right.

16   (Court adjourned at 4:15 p.m.)

17                            CERTIFICATE

18        I, Debbie Lowery, Certified Court Reporter, do certify that

19   the foregoing is, to the best of my ability and understanding, a

20   true and correct transcript from the proceedings of this matter.

21

22

23                          _____

24                          /s/Debbie Lowery

25                          4/24/2020

24