# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 31, 2020

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

No. 20-30181      USA v. Curry
USDC No. 3:19-CR-70-1

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Allison G. Lopez, Deputy Clerk
504-310-7702

cc:  Mr. Derrick Curry
     Ms. Carol Mignonne Griffing

# United States Court of Appeals
## for the Fifth Circuit

─────────────

No. 20-30181
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

DERRICK CURRY,

*Defendant—Appellant.*

───────────────────────────────

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-70-1

───────────────────────────────

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges.*

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

**Certified as a true copy and issued
as the mandate on Dec 31, 2020**

**Attest:** *Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 20-30181
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

DERRICK CURRY,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-70-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges.*

PER CURIAM:*

Derrick Curry pleaded guilty, pursuant to a written plea agreement, to possessing a firearm after felony conviction and was sentenced to 51 months of imprisonment. Prior to sentencing, months after Curry initially pleaded guilty and signed his plea agreement, the district court retook the plea

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30181

because Curry expressed concerns that the initial plea was entered in a witness room, not a courtroom. Prior to admonishing Curry at the second hearing, the district court explained that it had received the presentence investigation report (PSR) and that it intended to sentence Curry in accordance with what it told the prosecutor and defense counsel in chambers. On this basis, Curry contends that the district court violated Federal Rule of Criminal Procedure 11(c)(1), which prohibits district courts from participating in plea negotiations, when it advised Curry and his counsel of its intended sentence before the second plea hearing. He argues that it is reasonably probable that, but for the "highly coercive atmosphere" created by these statements, he would have gone to trial.

As the parties agree, we review Curry's claim for plain error because he did not object on this basis to the district court. *United States v. Draper,* 882 F.3d 210, 215 (5th Cir. 2018). To establish plain error, Curry must show (1) an error, (2) that was "clear or obvious, rather than subject to reasonable dispute," and (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). "'[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Davila*, 569 U.S. 597, 608 (2013) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, (2004)). If these conditions are met, we have the discretion to correct the error and should do so if it (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (cleaned up).

Here, even assuming that the district court committed an error that is clear or obvious, Curry fails to show that it affected his substantial rights. We consider the question "in light of the full record." *Davila*, 569 U.S. at 612. Curry signed a plea agreement and entered a guilty plea months before the

No. 20-30181

challenged statements.  As Curry himself explains, the second plea hearing was held "out of an abundance of caution."  Finally, nothing in the record suggests the district court pressured or incentivized Curry by conveying a belief that a plea would be in his best interest.  Given these facts, Curry fails to show a reasonable probability that he would have proceeded to trial but for the district court's comments.  *See id.*, 569 U.S. at 608.

      AFFIRMED.